## FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY

### v.

## STATE OF ILLINOIS.

*Opinion filed May 22, 1914.*

1. INSURANCE—*foreign fire companies required to pay two per cent.* Foreign Fire Insurance Companies are required to pay two per cent of the amount of their gross premiums collected in this State, into the State treasury, less the aggregate amount of fire department and local taxes paid by them.

2. MISTAKE OF FACT—*money paid under may be recovered.* Money paid under a mistake of fact may be recovered, but not so if paid under a misapprehension as to what the law on the subject really is.

Bates, Harding, Edgerton & Bates, for Claimant:

A payment made under a mistake of fact may be recovered back.

22 Am. & Eng. Enc. of Law, 2d Ed., 621; 30 Cyc., 1316; *International Bank* v. *Bartalott,* 11 Ill. App., 620; *Prickett* v. *Madison County,* 14 Ill. App., 454; *Devine* v. *Edwards,* 87 Ill., 177; *McLean County Bank* v. *Mitchell,* 88 Ill., 52; *Wolf* v. *Beaird,* 123 Ill., 585.

Money paid under a bona fide forgetfulness of a fact is paid under a mistake of fact.

*Simms* v. *Vick,* 151 N. C., 78, 18 A. & E. Ann. Cas., 699, 24 L. R. A. (N. S.). 517; *Kelley* v. *Solari,* 9 M. & W., 54; *Guild* v. *Baldridge,* 2 Swan., 295; *Lewellen* v. *Garrett,* 58 Ind., 442.

The fact that the party had in his possession the means of knowledge does not preclude him from recovery.

*Simms* v. *Vick, supra; Allen* v. *Mayer, etc., New York,* 4 E. D. Smith, 404.

Section 65, of chapter 134 of the Laws of 1902 of the State of New Jersey, reads:

"Every insurance company, other than life, of another state or foreign country, transacting business in this State, shall on or before the fifteenth day of February of each year make to the Commissioner of banking and insurance a report, signed and sworn to by an officer of the company, or by its United States manager if a company of a foreign country, stating the gross amount of premiums received by such company,

and by each agent thereof, on business of the said company in this state for the preceding calendar year, including all premiums received from other companies for re-insurance of them, and the amount of premiums returned to the insured during said year on policies canceled, and the amount of premiums paid for re-insurance in other insurance companies of other states or foreign countries, authorized to do business in this state, and shall pay to said Commissioner, on or before the fifteenth day of February, a tax of two per centum upon such gross amount of premiums, less such returned premiums and such re-insurance premiums paid, which tax shall be in lieu of all other franchise taxes imposed upon said corporation: *Provided,* any taxes hereafter paid to the treasurer of any firemen's relief association of this state, by fire insurance companies of other states and foreign countries and their agents, in accordance with the provisions of the Act entitled, 'An Act to facilitate the collection from fire insurance companies not organized under the laws of this state, but doing business herein, and from agents and brokers, of certain premiums for the benevolent funds of the several duly incorporated firemen's relief associations in this state,' approved May second, one thousand eight hundred and eighty-five, shall be considered a part of the tax payable by such companies under this section, and nothing herein contained shall be construed to repeal, alter or change the provisions of the said recited Act.''

Paragraph 77, of chapter 73, Hurd's Revised Statutes of Illinois, 1913, page 1406, provides:

''Whenever the existing or future laws of any state of the United States, or any other kingdom or country, shall require of insurance companies incorporated by or organized under the laws of this State, and having agencies in such other state, kingdom or country, any deposit or securities in such state, kingdom or country, for the protection of policy holders or otherwise, of any payment for taxes, fines, penalties, certificates of authority, license fees or otherwise, greater than the amount required for such purposes from similar companies of other states by the then existing laws of this state, then and in every such case all companies of such states, establishing or having heretofore established an agency or agencies in the state, shall be and are hereby required to make the same deposit, for a like purpose, with the Auditor of this State. and to pay to the Auditor, for taxes, fines, penalties, certificates of authority, license fees, and otherwise, an amount equal to the amount of such charges and payments imposed by the laws of such state upon the companies of this State

and the agents thereof: *Provided,* that the payment required of such foreign companies shall, in no case, be less than required by this Act.''

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State:

A mistake of fact is not ground for recovery of money paid thereunder, if the person paying the same has knowledge, or means of knowledge, of all the facts connected therewith.

*Elston* v. *City of Chicago,* 40 Ill., 514; *Walser* v. *Bd. of Education,* 160 id., 272; *Hudson* v. *People ex rel.,* 188 id., 103; *Otis* v. *People ex rel.,* 196 id., 546; *Town of Lyons* v. *Cook,* 9 Ill. App., 543.

Money paid voluntarily under a mistake of law, but with knowledge of all the facts, cannot be recovered.

*Building Assn.* v. *City of Chicago,* 61 Ill., 439; *Swanston* v. *Ijams,* 63 id., 165; *Yates* v. *Royal Ins. Co.,* 200 id., 202; *Home Life Ins. Co. of N. Y.* v. *State, Court of Claims,* opinion filed Dec. 19, 1908; *Illinois Glass Co.* v. *Chicago Telephone Co.,* 234 Ill., 535, 544.

Claimant, the Firemen's Insurance Company of Newark, New Jersey, is a corporation organized and existing under the laws of the state of New Jersey, and authorized by its charter to engage in said state and elsewhere in the business of insurance; and it has been engaged in such business under a license in the State of Illinois, for many years; and as an insurance company organized under the laws of another state it is taxed in the State of Illinois, a sum of two per cent of the gross premiums received in the State of Illinois, less the aggregate amount of fire department and local taxes paid by it in the various towns, cities and counties in the State of Illinois; that in the month of February, 1912, it made its return to the Insurance Department of the State of Illinois, of its gross premium receipts in Illinois for the year ending December 31, 1911, amounting to the sum of $181,142.08; that the two per cent tax upon the said premium receipts amounted to the sum of $3,622.84; that it returned with its said statement of gross premiums a voucher showing the payment by it of fire department and local

taxes during the year 1911, amounting to the sum of $1,965.99, and that it paid to Fred W. Potter, then Superintendent of Insurance of the State of Illinois, the difference between the said two per cent on its gross premium receipts and the amount of fire department and local taxes paid, to-wit: the sum of $1,656.85, and in addition to that, the fees required by law for filing the annual statement amounting to $20.00, and for advertising annual statement amounting to $80.00, in all the sum of $1,756.85, the receipt of which sum was duly acknowledged by the Superintendent of Insurance by voucher.

The claimant in returning to said Fred W. Potter, then Superintendent of Insurance, its voucher for fire department and local taxes paid by it during the year 1911, to be deducted from the two per cent tax on its gross premium receipts in the State of Illinois, through an oversight or a mistake on the part of its cashier, neglected to return a certain voucher issued by the city collector of the city of Chicago, showing the payment by it on September 5, 1911, of the sum of $1,484.68, the fire insurance tax imposed on it by and under the terms of an ordinance of the city of Chicago, passed February 3, 1896, said sum being the two per cent tax levied on the business of claimant in the city of Chicago, for the year ending June 30, 1911, and that by its failure to include said voucher in the credits to which it was entitled, in estimating a tax to be paid to the State of Illinois for the year 1911, it paid to the State of Illinois the sum of $1,484.68 more than was in fact due from it; and that since it discovered the error or mistake, it took the matter up with Fred W. Potter, then Superintendent of Insurance, and stated to him the facts in regard to the mistake occurring in the omission of said credit, and asked to be reimbursed said amount and was advised by Fred W. Potter, then Superintendent of Insurance, to return said voucher with its tax statement for the year 1912, at which time it would be allowed its credits against the taxes for that year.

It made up its tax statement for the year 1912, and after deducting its two per cent of its gross premium receipts in the State of Illinois on account of fire department and local taxes during the year 1912, there was not a sufficient sum due the State of Illinois, from it to reimburse it in the sum of $1,484.68, at which time it was advised by Fred W. Potter, then Superintendent of Insurance, to file its claim in this Court, and ask to be awarded said sum by reason of said clerical error or mistake of facts.

We are aware that since the Supreme Court of Illinois decided in *Raymond* v. *Hartford Fire Insurance Company,* 196 Ill., 329, that an Act approved April 19, 1889, entitled, "An Act Providing for a Tax on Gross Premium Receipts of Insurance Companies. and Associations Other than Life," was unconstitutional and void, there has been on the statute books of Illinois no statute providing for the taxation of the premium receipts of insurance companies organized under the laws of other states and countries, and therefore such companies are taxed under the provisions of the reciprocal laws of the State of Illinois, applicable to fire insurance companies; in which law we fail to see any dispute, whereby it is necessary for us to pass or place a construction on, as it seems, that both the claimant and the State have agreed, that the statute of New Jersey, and the statute of Illinois, as quoted in claimant's brief, govern the payment of the tax to the State.

We are of the opinion, that the only question in this case to be passed upon by this Court, is the question whether or not claimant is entitled to recover from the State of Illinois, the said sum of $1,484.68 by reason of a clerical error or a mistake. From the evidence submitted by claimant, which is undisputed, it appears that it had some time prior to the payment of this tax established an agency in Chicago, in charge of Montgomery & Funkhouser, which had during the existence of such agency, always paid the fire tax to the city of Chicago, and mailed their voucher to the claimant's

western department, which gave them credit for the amount in their account with the company, and that the western department of the Firemen's Insurance Company, always took the agent's vouchers and in making out the report to the Superintendent of Insurance of the State of Illinois, mailed the voucher with the report and asked for and received a reduction for such amount, and that the agent's voucher for the payment of fire taxes of various cities was always kept in a file for that purpose, but that some time prior to the making of the report by the western department of claimant to the Superintendent of Insurance of this State, the agency of Montgomery & Funkhouser had ceased doing business, and the western department of the Firemen's Insurance Company had taken over the affairs so far as it could, and had paid the fire tax to the city of Chicago, through some of its officers, and in making up a statement for the State of Illinois six months later, its cashier, in going through the agent's accounts for the taxation items, failed to include in his report this particular item.

It is contended by counsel for claimant, that the failure to mail this voucher covering this tax to the Superintendent of Insurance for the year 1911, is clearly a clerical error or a mistake of fact, and that by reason of it being a mistake of fact, it should be awarded the sum of $1,484.68, and supports its claim with numerous decisions of courts of this and other states.

Counsel for claimant also claims, that by reason of this Court having equity jurisdiction from an equitable standpoint, it is entitled to an award, citing *Trickle* v. *State of Illinois,* 1 Court of Claims Reports, 103, wherein this Court said: "It is enjoined by the Act creating the Commisison, to determine claims according to the principles of equity and justice, except when otherwise provided by the laws of the State."

The State of Illinois insists, that the claimant is not entitled to recover for the reason, that the money in question was paid by said company into the State

—9 C C

treasury voluntarily, and that it had means of knowledge at its command of all the credits to which it was entitled, and having once paid such money into the State treasury voluntarily and without compulsion and with such means of knowledge at its command, it is not entitled to recover the same.

We have examined the authorities submitted by counsel, and applying the same as we see them to the facts in this case, which disclose that this money was paid through forgetfulness or mistake of fact, and not through mistake of law, we are of the opinion that claimant is entitled to an award.

This case differs from the case of the *Home Life Insurance Company* v. *State of Illinois,* heretofore decided by this Court, in that, the claimant in that case paid the taxes voluntarily under a mistake of law, and was therefore not entitled to recover according to the holdings of the courts of this State.

In the case of the *Illinois Glass Company* v. *The Chicago Telephone Company,* 234 Ill., 544, the Court said that a tax voluntarily paid, *where there was no mistake of fact,* could not be recovered back, which we believe is a true rule of law, but from the facts in this case we believe that the failure to send the voucher in question with the annual report to the superintendent of the Insurance Department of the State, was clearly a mistake of fact, caused by forgetfulness, and that the claimants are entitled to an award in the sum of one thousand four hundred eighty-four and 68-100 ($1,484.68) dollars, and the same is therefore accordingly awarded.